UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
_____

ATLANTIC MUTUAL INSURANCE
COMPANY,

        Plaintiff,

        v.                                    Case No. 03-C-0041

BRIAN and KAARE LOTZ,

        Defendants/Counter-Plaintiffs,

        v.

ATLANTIC MUTUAL INSURANCE
COMPANY,

        Counter-Defendant.

_____

ORDER

On September 7, 2005, defendants/counter-plaintiffs Brian and Kaare Lotz moved to close discovery and set a trial date. Plaintiff Atlantic Mutual Insurance Company ("Atlantic Mutual") opposed the motion and requested limited discovery relating to the specific question of fact of whether rain water filtration caused mold in those areas of the subject residence. Atlantic Mutual's discovery would consist of one set of written discovery and possibly a few depositions relating to what evidence the defendants intend to produce demonstrating that rain water infiltration caused mold in the subject residence and the related repair

costs. Because the defendants did not file a reply brief and because the scope of discovery that Atlantic Mutual describes is limited, the court will deny the defendants' motion to close discovery. Atlantic Mutual shall complete discovery by February 15, 2006. The parties shall confer and indicate to the court via a joint report by February 15, 2006, regarding the status of the case. Specifically, the parties shall indicate whether they are ready to proceed to trial and whether there is any likelihood of settlement or need for mediation.

On October 13, 2005, Atlantic Mutual sought leave to amend its complaint and its reply to the defendants' counterclaim pursuant to Federal Rule of Civil Procedure 15(a). Atlantic Mutual seeks to add a policy exclusion to its list of affirmative defenses to the defendants' counterclaim. The defendants did not file a brief in opposition to the motion.

"[T]he grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971). "In the absence of any apparent or declared reason-such as undue delay, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" *Continental Bank, N.A. v. Meyer*, 10 F.3d 1293, 1298 (7th Cir. 1993) (quoting *Foman v. Davis*, 371 U.S. 178 (1962)). In this case, the motion for leave to amend was filed more than one

month after the court ruled on cross-motions for summary judgment. Atlantic Mutual has offered no reason to explain why it had not sought leave to amend earlier. The court finds Atlantic Mutual's delay inexcusable. Atlantic Mutual knew of the facts underlying the proposed amendments from the inception of the case. For this reason alone, the court may deny Atlantic Mutual's motion. *See Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 774-75 (7th Cir. 1995) (collecting cases that hold that a district court did not abuse its discretion by denying motions for leave to amend after motions for summary judgment had been filed); 4 A.L.R. Fed. 123 § 15 ("Where ample opportunity existed to amend a complaint at an earlier time, the amendment was not based on newly discovered evidence, and granting the amendment would mean an undue waste of time, some courts have refused to allow an amendment under Rule 15(a) to strengthen a pleading when the motion to amend was first made after the defendant's motion for summary judgment."). Additionally, it is possible that the amendments will prompt further discovery beyond the limited discovery that the court has already authorized. The court has already granted Atlantic Mutual one last opportunity to engage in limited discovery, but the court is mindful of the defendants' request to close discovery and set a trial date. The court is also mindful of the public interest in prompt resolution of legal disputes. The court, therefore, exercises its discretion to deny Atlantic Mutual's motion. *See Amendola*

*v. Bayer*, 907 F.2d 760, 764-65 (7th Cir. 1990) (affirming district court's denial of a motion for leave to amend where the court found that the delay in filing the motion was inexcusable and that the amendment would cause further delay).

The court grants John V. McCoy and Thomas C. Hofbauer's motion to withdraw as counsel for the defendants. The court has reviewed the motion and the accompanying affidavit and find that there is an adequate basis to grant the motion. The court notes that the defendants and Atlantic Mutual consent to the withdrawal and that the defendants will still be represented by counsel that has represented them since the case was filed.

Accordingly,

IT IS ORDERED that the defendants' motion to close discovery and set a trial date be and the same is hereby DENIED; Atlantic Mutual shall complete limited discovery as described in this order by February 15, 2006; the parties shall file a joint report as described in this order by February 15, 2006.

IT IS FURTHER ORDERED that Atlantic Mutual's motion for leave to amend be and the same is hereby DENIED;

IT IS FURTHER ORDERED that attorney John V. McCoy and Thomas C. Hofbauer's motion to withdraw as counsel for defendants be and the same is hereby GRANTED.

Dated at Milwaukee, Wisconsin, this __30th__ day of November, 2005.

BY THE COURT:

s/ J. P. Stadtmueller
J. P. Stadtmueller
U.S. District Judge